# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff, | ) ) ) | |
| v. | ) ) | C. R. No. 11-123-M |
| ALPHONSO JOHNSON<br>Defendant. | ) ) ) ) | |

## MEMORANDUM & ORDER

Before the Court is Mr. Alphonso Johnson's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his twenty-six year prison sentence that was the negotiated result of his guilty plea to five counts of Hobbs Act robbery, use and possession of a firearm during a crime of violence, and being a felon in possession of a firearm. Mr. Johnson asks the Court to vacate his sentence due to alleged ineffective assistance he received from his attorney during his plea negotiation and sentencing. The Court finds no merit to Mr. Johnson's writ and thus, DISMISSES his petition.

## I.  FACTS

On October 10, 2012, Alphonso Johnson pled guilty to five counts of a six count Superseding Indictment charging him with Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a) (Counts I and IV), Use and Possession of a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count V), and Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Counts III and VI). (ECF No. 5).

Mr. Johnson and the Government negotiated the terms of his plea as set forth in a written plea agreement. In that agreement and in exchange for his plea of guilty, the Government agreed to dismiss Count II of the Superseding Indictment, which charged Mr. Johnson with possession

of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c) and would have required an additional twenty-five year consecutive prison sentence. (ECF No. 49, ¶ 2(e)). With Count II dismissed, Mr. Johnson and the Government agreed to recommend a total sentence of twenty-six years (312 months) imprisonment. (ECF No. 49, ¶ 2(a)). In addition, Mr. Johnson agreed that he qualified as a Career Offender pursuant to U.S.S.G. § 4B1.1 having been convicted of at least two crimes of violence as defined in the Sentencing Guidelines. (ECF No. 49, ¶ 3(a)).

At sentencing, the Court took into account that Mr. Johnson was a Career Offender, had a criminal history category of VI, and a sentencing guideline range of 262-327 months. The Court heard the parties' joint recommendation of the twenty-six year sentence and sentenced Mr. Johnson as recommended, noting that, "both sides [appeared] to have negotiated in good faith and [came] to a resolution that [did] the best for all issues raised." (ECF No. 67 at 10).

Mr. Johnson did not appeal his judgment of conviction or sentencing. Approximately one year later, Mr. Johnson filed the instant motion to vacate with this Court. (ECF No. 63). The Government objects on procedural grounds as well as on the merits.

## II.    ANALYSIS

Mr. Johnson's motion is rooted in part in his classification as a Career Offender under USSG § 4B1.1 because he was previously convicted of at least two crimes of violence as defined in the guidelines. He claims ineffective assistance of counsel on his first two points, arguing that his counsel failed to object to the qualifying offenses. His third claim is that the robbery charge under the Hobbs Act should not have been charged under that Act because the robbery did not interfere with interstate commerce. The Court will begin its analysis with Mr. Johnson's third

ground as it requires the least discussion after a brief primer on the standard of review on § 2255 motions.

Generally, the grounds justifying relief under § 2255 are limited. Section 2255 provides, in pertinent part, that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the grounds that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by the law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). In short, a court may grant relief only if a prisoner's motion demonstrates a lack of jurisdiction, constitutional error, or a fundamental error of law in sentencing. *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Moreover, "an error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted).

## A.  Procedural Default of Hobbs Act Claim

While a motion under § 2255 provides a prisoner with an avenue of relief from sentencing errors, it is not a substitute for direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982). A movant is procedurally precluded from obtaining § 2255 review of claims not raised on direct appeal absent a showing of both "cause" and "prejudice" or alternatively that he is "actually innocent" of the offense of which he was convicted. *Bousley v. United States*, 523 U.S. 614, 622 (1996). Reflecting on the standard of review, the Court finds that Mr. Johnson did not directly appeal his conviction or sentence of the Hobbs Act robbery on April 20, 2011. Thus, because relief under § 2255 is limited and Mr. Johnson failed to assert this claim on direct appeal, the Court need not consider his argument in a § 2255 proceeding unless he can explain

3

why he failed to appeal and show actual prejudice. *Damon v. United States*, 732 F.3d 1, 4 (1st Cir. 2013).

Mr. Johnson does not show cause as to why he did not appeal his conviction and sentencing.[1]  Moreover, the Court agrees with the Government that Mr. Johnson cannot demonstrate prejudice amounting to "a complete miscarriage of justice" because the Court imposed the very sentence that he, represented by very able counsel, and the Government recommended to the Court through the negotiated plea agreement. *See Addonizio*, 442 U.S. at 185.  Additionally, Mr. Johnson received a benefit from admitting the underlying facts and pleading guilty to the charges under the terms as well; the Government agreed to dismiss a count that would have added twenty-five years to his sentence.  Therefore, because Mr. Johnson failed to raise this issue on appeal and cannot demonstrate cause and prejudice justifying relief under § 2255, the Court denies his motion to vacate on this ground.

### B.    Ineffective Assistance of Counsel

Mr. Johnson's claims of ineffective assistance of counsel do not suffer the same procedural fate, however.  These claims may be brought under 28 U.S.C. § 2255, "whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Knight*, 37 F.3d at 774.  Mr. Johnson registers two complaints against his counsel's representation that he argues merits this Court's review and removal of his conviction.[2]

---

[1] The Court suspects that Mr. Johnson did not appeal because, under the terms of his plea agreement with the Government, he agreed not to appeal if he was sentenced to the term of imprisonment jointly recommended by the parties.  He received the recommended sentence.

[2] To the extent that Mr. Johnson's claims, couched as ineffective assistance claims, are based on the application of the Sentencing Guidelines, his motion must be denied because that claim is not cognizable for review under § 2255.  He does not allege a constitutional error, lack of jurisdiction, or that his sentence exceeded the statutory maximum so his only avenue is to demonstrate that the sentence was fundamentally defective. *Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).  Several circuit courts have considered the availability of collateral

He first argues that his counsel failed to object that his conviction of making threats to a public official in 2009 was not a crime of violence and thus was not an offense that would qualify him as a career offender under the Sentencing Guidelines. He also argues that his counsel should have challenged that underlying crime because he was intoxicated and did not have the specific intent to make threats or to act on those threats to the public official. On these two points, Mr. Johnson argues that he received ineffective assistance of counsel in violation of his Sixth Amendment right.

The Court's analysis of Mr. Johnson's ineffective assistance claims is under *Strickland v. Washington*, 466 U.S. 668 (1984). Under that two-part test, in order to demonstrate that counsel did not provide reasonably effective legal assistance, a defendant must show (1) that counsel's representation "fell below an objective standard of reasonableness," and (2) that counsel's deficient performance prejudiced the defendant. *Strickland*, 466 U.S. at 688, 692. "The burden is on the petitioner to demonstrate ineffective assistance by a preponderance of the evidence." *Lema v. United States*, 987 F.2d 48, 51 (1st Cir. 1993).

The first prong of the *Strickland* test is satisfied where counsel's performance is "so inferior as to be objectively unreasonable." *United States v. McGill*, 11 F.3d 223, 226 (1st Cir. 1993). An attorney's conduct will be reasonable if it is found to fall "within the range of competence expected of attorneys in criminal cases." *United States v. Bosch*, 584 F.2d 1113, 1121 (1st Cir. 1978) (citations omitted). Moreover, "[t]his court's review of counsel's

---

attack for various errors in the application of the Guidelines and have concluded that such errors are not cognizable under § 2255. *Id.* at 773 (collecting cases). Although the First Circuit has not foreclosed the possibility that a Guidelines' application error could constitute a complete miscarriage of justice, "exceptional circumstances" must be present before such an error may be cognizable under § 2255. *Id.* at 773-74. Here, the Court finds that no such exceptional circumstances exist that would make Mr. Johnson's sentence a "complete miscarriage of justice."

performance must be deferential, and reasonableness must be considered in light of prevailing professional norms.'" *Peralta v. United States*, 597 F.3d 74, 79 (1st Cir. 2010) (citing *Strickland*, 466 U.S. at 688). The second prong requires that the defendant show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Nothing in Mr. Johnson's § 2255 motion or his opposition papers demonstrates that his attorney's conduct was inferior or objectively unreasonable. His attorney's performance was well within the range of competence expected by criminal defense attorneys, especially in light of the deal he secured on Mr. Johnson's behalf. The plea agreement reduced Mr. Johnson's sentence by twenty-five years because his counsel secured the Government's agreement to dismiss one count from the Indictment in exchange for his guilty plea to the remaining five counts. Even assuming arguendo that Mr. Johnson's attorney's representation was less than effective, Mr. Johnson has not and cannot meet the second prong's prejudice requirement. He received the exact sentence that he bargained for in the plea agreement so he cannot now argue that the result of the proceeding would have been different if his counsel were not ineffective.

### C. Effect of the Plea Agreement

Because none of Mr. Johnson's grounds for relief survives the Court's analysis under the § 2255 standards for ineffective assistance or procedural default, there is no need to analyze those claims on the merits. To be thorough, however, even if he did have a valid § 2255 claim, it would be curbed by the binding terms of the plea agreement. The First Circuit has "analogized plea agreements to contracts, binding upon the prosecution and the defense alike." *United States*

*v. Teeter*, 257 F.3d 14, 28 (1st Cir. 2001) (finding that "defendants ordinarily should be held to plea-agreement terms that they knowingly and voluntarily accept.")

Mr. Johnson admitted the facts of five counts of the Superseding Indictment, pled guilty, and was sentenced according to the agreement he reached with the Government. The Government dropped one count against him in exchange for his guilty plea that would have increased his sentence by twenty-five years. Moreover, Mr. Johnson agreed to waive his right to appeal his conviction and sentence, if the Court imposed a term of imprisonment that the parties jointly recommended. (ECF No. 49 at ¶ 10). The Court did impose the agreed-to sentence of 312 months so based on that, and all the other conditions made in the plea agreement and met by the parties, Mr. Johnson's right to collaterally attack his sentence has been foreclosed. *Teeter*, 257 F.3d at 29.

## III. CONCLUSION

Mr. Johnson's request for relief from his sentence under § 2255 is DENIED and his petition is DISMISSED. He has failed to demonstrate a lack of jurisdiction, constitutional error, or a fundamental error of law in sentencing for the five counts to which he pled guilty.

IT IS SO ORDERED.

John J. McConnell, Jr.
United States District Judge

August 4, 2014